IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA; and FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES; and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>*Defendants*. | No. 3:26-cv-915 |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Plaintiffs State of Florida and the Florida Agency for Health Care Administration ("AHCA") bring this civil action against Defendants Centers for Medicare and Medicaid Services ("CMS") and Department of Health and Human Services ("HHS") for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs respectfully request expedited review under 28 U.S.C. § 1657(a).

2. On January 8, 2026, AHCA submitted a FOIA request to CMS seeking federal agency records that implicate matters of public policy.

Specifically, AHCA requested records related to expanding subsidized children's health insurance in Florida, including records related to consideration, approval, and implementation of the Florida Children's Health Insurance Program ("CHIP") Eligibility Extension under section 1115 of the Social Security Act.

3. CMS failed to comply with FOIA in responding to this request. CMS did not issue determinations, conduct adequate searches, or disclose responsive, non-exempt records in the time required by statute. Plaintiffs seek relief from this Court.

**PARTIES**

4. Plaintiff State of Florida is a sovereign state and has the authority and responsibility to protect its sovereign interests, its public fisc, and the health, safety, and welfare of its citizens.

5. Plaintiff Florida Agency for Health Care Administration is an agency and arm of Florida. AHCA is the chief health policy and planning entity for Florida and administers the State's Medicaid and CHIP programs. A critical and substantial component of AHCA's mission is disseminating information through the Florida Center for Health Information and Transparency about government activities related to healthcare. *See Florida Center for Health Information and Transparency*, https://ahca.myflorida.com/agency-

administration/florida-center-for-health-information-and-transparency (last visited Feb. 6, 2026).

6. Defendant Centers for Medicare and Medicaid Services is a federal agency and the recipient of the FOIA request at issue.

7. Defendant Department of Health and Human Services is the parent agency of CMS.

## LEGAL STANDARD

8. FOIA requires federal agencies, including Defendants, to make available non-exempt agency records in response to a request that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, ... and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); 42 C.F.R. §§ 401.116(a), 401.136; 45 C.F.R. §§ 5.3, 5.24, 5.28.

9. Agencies must respond to a request within 20 working days (i.e., exempting Saturdays, Sundays, and legal public holidays), including notifying the requestor immediately of its determination whether to comply with the request, the reasons therefor, and the right to appeal any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i). CMS regulations impose a stricter deadline, requiring the agency to determine "whether records will be released or withheld … within 10 working days" of receipt. 42 C.F.R. § 401.136(b). By regulation, a request is

3

deemed received when it reaches the appropriate HHS agency or division, "but no later than 10 working days after the request first arrives at any … FOIA Requester Service Cente[r]." 45 C.F.R. § 5.23(b).

10. In certain circumstances, an agency may provide notice to the requester that "unusual circumstances" merit additional time—up to 10 more working days—to respond. 5 U.S.C. § 552(a)(6)(B)(i)–(ii); *see also* 42 C.F.R. § 401.136(b); 45 C.F.R. § 5.24(f). "Unusual circumstances" include "the need to search for and collect the requested records from field facilities," "the need to search for, collect, and … examine a voluminous amount of … records," and "the need for consultation … with another agency" or "among two or more components of the agency having a substantial … interest" in the determination of the request. 5 U.S.C. § 552(a)(6)(B)(iii); 42 C.F.R. § 401.136(b). To invoke the extension, CMS must notify the requester "in writing before the expiration of 10 working days from receipt of the request" and "giv[e] an explanation of why the extension was necessary and the date on which a determination will be made." 42 C.F.R. § 401.136(c); *see also* 5 U.S.C. § 552(a)(6)(B)(i); 45 C.F.R. § 5.24(f).

11. If an agency provides notice to the requester of "unusual circumstances" and is unable to respond within the statutory deadline, the agency must provide the requester "an opportunity to arrange with the agency an alternative

time frame for processing the request." 5 U.S.C. § 552(a)(6)(B)(ii); 45 C.F.R. § 5.24(f).

12. If the agency does not respond to a FOIA request by the statutory or regulatory deadlines, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i); 42 C.F.R. §§ 401.148(b), 401.152.

13. An agency is generally prohibited from "assess[ing] any search fees … if the agency has failed to comply with" the statutory deadlines. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

15. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because an agency of the United States is a Defendant, and the State of Florida resides in every judicial district and division in its sovereign territory, including this judicial district and division. *See Florida v. United States*, No. 3:21-cv-1066, 2022 WL 2431443, at *2 (N.D. Fla. Jan. 18, 2022) ("It is well established that a state 'resides at every point within its boundaries.'" (cleaned up) (quoting *Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892))); *see also California v. Azar*, 911 F.3d 558, 569–70 (9th Cir. 2018) ("[A] state

5

with multiple judicial districts 'resides' in every district within its borders."); *Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1329 (N.D. Ala. 2005) ("[C]ommon sense dictates that a state resides throughout its sovereign borders.").

16. Because the State of Florida resides in every judicial district in the State, assignment to this Division is proper under Local Rule 3.1.

## FACTUAL BACKGROUND

17. On June 22, 2023, Governor DeSantis signed into law Florida H.B. 121 to substantially expand the provision of subsidized health insurance to children in the State of Florida through CHIP. *See* An Act Relating to Florida KidCare Program Eligibility, H.B. 121, 2023 Leg. (Fla. 2023). CHIP is a federal-state partnership under Title XXI of the Social Security Act that allows states to obtain federal reimbursement for certain expenditures related to subsidizing health insurance for children in low-income families. *See* 42 U.S.C. § 1397aa *et seq*. To implement H.B. 121, Florida sought approval from CMS in early 2024 for the Florida CHIP Eligibility Extension as a demonstration project under section 1115 of the Social Security Act ("Eligibility Extension"). The Eligibility Extension would extend access to health insurance to tens of thousands more Florida children.

18. On December 2, 2024, CMS notified Florida that it had approved its Eligibility Extension, contingent on various special terms and conditions. Florida objected to one of those terms and conditions and proposed modifying the requirement, but CMS rejected that request. As a result, Florida has been unable to move forward with its expansion of subsidized health insurance for children.

19. On January 8, 2026, AHCA submitted a FOIA request to CMS through FOIA.gov, seeking any CMS records related to expanding subsidized children's health insurance in Florida, including records related to consideration, approval, or implementation of the Eligibility Extension. *See* Ex. 1. Such records are relevant to ongoing statewide efforts to expand healthcare coverage for children and related public debate, and therefore are of immediate interest to the public.

20. Specifically, AHCA requested:

    a.    Records related to expanding subsidized children's health insurance in Florida. *Id*. at 1.

    b.    Records related to the Florida CHIP Eligibility Extension demonstration project, including, but not limited to, records related to the demonstration project application, public comments on the application, approval of the demonstration

        project, or the special terms and conditions for the demonstration project. *Id.*

    c.    Records related to communication with any individual outside of CMS related to the Florida CHIP Eligibility Extension demonstration project, including, but not limited to, any communications related to the demonstration project application, public comments on the application, approval of the demonstration project, or the special terms and conditions for the demonstration project. *Id.* at 1–2.

21.    AHCA included in the request relevant information to guide the search and confined the scope of any responsive records to a limited time period, from June 22, 2023, through the date of production. *Id.* at 1.

22.    AHCA requested expedited processing because of its role in "disseminat[ing] … information" related to healthcare to the Florida public and the "urgency to inform the public concerning … Federal Government activity." Ex. 1, at 2; *see* 5 U.S.C. § 552(a)(6)(E)(v)(II); 45 C.F.R. § 5.27(b)(2). ACHA requested expedited processing for the additional reason that the special terms and conditions imposed by CMS have frustrated Florida's ability to implement its Eligibility Extension. Ex. 1, at 2.

23. AHCA further committed to "disseminate any information obtained through this request to the public, contributing to the public's enhanced understanding" of state and federal government activities. *Id.* And AHCA sought a fee waiver because the records are "likely to contribute significantly to public understanding of [CMS's] operations," and the request "is not primarily in [AHCA's] commercial interest." *Id.*; *see* 5 U.S.C. § 552(a)(4)(A)(iii); 45 C.F.R. § 5.54.

24. That same day, AHCA received a receipt acknowledging submission of the request. Ex. 2. The receipt included an internal control number for the request and explained that AHCA would "hear back" from CMS "in the coming weeks." *Id.* at 1.

25. AHCA has received no further response from CMS related to the FOIA request. CMS has not provided any responsive records, nor explained that responsive records have been or will be withheld. Nor has CMS responded to AHCA's request for expedited processing, although its inaction acts as constructive denial.

26. Plaintiffs request that the Court expedite this action under 28 U.S.C. § 1657(a), which provides that the Court "shall expedite the consideration of … any other action if good cause therefor is shown," including for "rights under section 552 of title 5," i.e., FOIA. Good cause exists to expedite

this action because the records requested are relevant to ongoing statewide efforts to expand healthcare coverage for children and related public debate, and therefore of immediate interest to the public.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Failure to Comply with Statutory Deadlines in Violation of FOIA)

27. The allegations in paragraphs 1–26 are expressly incorporated herein as if restated in full.

28. Federal agencies must determine within 20 working days whether they will comply with a FOIA request and immediately notify the requester. 5 U.S.C. § 552(a)(6)(A)(i). Agency regulation further requires CMS to provide a determination of whether records will be released or withheld within 10 working days of the request. 42 C.F.R. § 401.136(b). Defendants may extend this period in the event of specified "unusual circumstances" for up to an additional 10 working days, but must provide notice of doing so. *See* 5 U.S.C. § 552(a)(6)(B); 42 C.F.R. § 401.136(c).

29. Defendants have not responded to the FOIA request identified above.

30. More than 20 working days have passed since that FOIA request was submitted on January 8, 2026. Ex. 1; Ex. 2.

31. CMS did not provide a final determination within 10 working days of receiving the FOIA request as required by regulation, 42 C.F.R. § 401.136(b), nor within 20 working days as required by statute, 5 U.S.C. § 552(a)(6)(A)(i). Nor have Defendants notified Plaintiffs that unusual circumstances warrant a 10-day extension. 5 U.S.C. § 552(a)(6)(B); 42 C.F.R. § 401.136(c).

32. Defendants have thus failed to timely make a determination and respond, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6); 42 C.F.R. § 401.136(b).

33. All administrative remedies required by FOIA have been constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i); 42 C.F.R. § 401.148(b).

## COUNT TWO
**(Unlawful Withholding of Agency Records in Violation of FOIA)**

34. The allegations in paragraphs 1–26 are expressly incorporated herein as if restated in full.

35. FOIA requires Defendants to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(B), (C); 42 C.F.R. § 401.116(a).

36. Defendants have neither provided Plaintiffs any responsive documents in response to its request, nor claimed that any responsive records are exempt from disclosure.

37.     Therefore, Defendants' failure to produce requested records or claim applicable exemptions violates FOIA. 5 U.S.C. § 552(a)(3)(B), (C); 42 C.F.R. § 401.116(a).

38.     All administrative remedies required by FOIA have been constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i); 42 C.F.R. § 401.148(b).

## COUNT THREE
### Declaratory Judgment

39.     The allegations in paragraphs 1–26 are expressly incorporated herein as if restated in full.

40.     For the same reasons described in each of the previous counts, Plaintiffs are entitled to a declaratory judgment that Defendants have been and are violating the law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A.  Declare that Defendants failed to timely make a determination on AHCA's request for records, in violation of FOIA and applicable regulations, 5 U.S.C. § 552(a)(6)(A)(i); 42 C.F.R. § 401.136(b);

B.  Declare that Defendants failed to promptly provide records responsive to AHCA's request, in violation of FOIA and applicable regulations, 5 U.S.C. § 552(a)(3); 42 C.F.R. § 401.116(a);

C.     Order Defendants to immediately conduct a reasonable search for all records responsive to the requests, as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D.     Order Defendants to immediately provide a determination on AHCA's request, as required by FOIA, *id.* § 552(a)(6)(A)(i);

E.     Order Defendants to immediately and expeditiously provide Plaintiffs with all responsive, non-exempt records, as required by FOIA, *id.* § 552(a)(3);

F.     Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d);

G.     Fully expedite this action pursuant to 28 U.S.C. § 1657(a); and

H.     Grant Plaintiffs such other and further relief to which they are justly entitled at law and in equity.

Dated:  February 9, 2026

Respectfully submitted,

| | |
|---|---|
| James Uthmeier<br>  *Attorney General*<br><br>Jeffrey DeSousa<br>  *Acting Solicitor General*<br><br>*/s/ Christine Pratt*<br>Christine Pratt (FBN 100351)*<br>  *Assistant Solicitor General*<br><br>OFFICE OF THE ATTORNEY GENERAL<br>The Capitol, Pl-01<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>(850) 410-2672 (fax)<br>Christine.Pratt@myfloridalegal.com<br><br>* *Lead Counsel*<br>*Counsel for the State of Florida* | */s/ Laura B. Ruppalt*<br>Jared M. Kelson (DC 241393)<br>  (*PHV forthcoming*)<br>Laura B. Ruppalt (DC 90033927)*<br>  (*PHV forthcoming*)<br>BOYDEN GRAY PLLC<br>800 Connecticut Ave NW, Suite 900<br>Washington, DC 20006<br>(202) 955-0620<br>jkelson@boydengray.com<br>lruppalt@boydengray.com<br><br>Andrew T. Sheeran (FBN 0030599)<br>  *General Counsel*<br>FLORIDA AGENCY FOR HEALTH CARE<br>  ADMINISTRATION<br>2727 Mahan Drive, Mail Stop #3<br>Tallahassee, Florida 32308<br>(850) 412-3670<br>Andrew.Sheeran@ahca.myflorida.com<br><br>* *Lead Counsel*<br>*Counsel for Agency for Health Care*<br>  *Administration* |