# Ex. 1

**January 8, 2026**

**ONLINE SUBMISSION ONLY**

CMS FOIA Officer
Centers for Medicare and Medicaid Services
Freedom of Information Act Office
Mail Stop C5-11-06
7500 Security Boulevard
Baltimore, Maryland 21214
FOIA_Request@cms.CMS.gov

**Re:    Freedom of Information Act Request**

Dear Freedom of Information Act Officer:

This letter is submitted on behalf of the Florida Agency for Health Care Administration ("AHCA") to request records from the U.S. Centers for Medicare and Medicaid Services ("CMS") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, 45 C.F.R. Part 5, and 42 C.F.R. § 401.101 *et seq*.

**I.    Requested Records**

AHCA requests any records[1] related to expanding subsidized children's health insurance in Florida, including consideration, approval, or implementation of the Florida Children's Health Insurance Program ("CHIP") Eligibility Extension demonstration project under section 1115 of the Social Security Act.[2] Specifically, AHCA requests the following records from June 22, 2023, through the date of production:

1.  Records related to expanding subsidized children's health insurance in Florida.

2.  Records related to the Florida CHIP Eligibility Extension demonstration project, including, but not limited to, records related to the demonstration project application, public comments on the application, approval of the demonstration project, or the special terms and conditions for the demonstration project.

3.  Records related to communication with any individual outside of CMS related to the Florida CHIP Eligibility Extension demonstration project, including, but not limited to,

---

[1] "Records" as used in this request is defined by FOIA, 5 U.S.C. § 552(f)(2), and means any information existing in any format whatsoever. Records sought include, but are not limited to, communications, briefings, reports, memoranda, legal opinions, directives, policy statements, talking points, notes, drafts, correspondence and messages, records kept in electronic format on computers and/or electronic storage devices (including email, whether through .gov email addresses or private third-party services such as Gmail), records of telephone calls, records pertaining to in-person meetings, calendar or scheduling entries, tape recordings, videotapes, photographs, computer print-outs, telephone messages, voicemail messages, or any other material.

[2] *See Florida Children's Health Insurance Program Eligibility Extension*, https://www.medicaid.gov/medicaid/ section-1115-demo/demonstration-and-waiver-list/162076 (last visited Dec. 30, 2025).

U.S. Centers for Medicare and Medicaid Services
January 8, 2026

>      any communications related to the demonstration project application, public comments on
>      the application, approval of the demonstration project, or the special terms and conditions
>      for the demonstration project.

AHCA asks that CMS process this request consistent with the Department of Justice's policy memorandum (directed to the heads of executive departments and agencies) emphasizing the presumption of disclosure under FOIA, as amended by the FOIA Improvement Act of 2016.[3]

## II.    Request for Expedited Processing

AHCA requests that CMS provide expedited processing of this FOIA request, which qualifies for expedited treatment pursuant to 5 U.S.C. § 552(a)(6)(E) and 45 C.F.R. § 5.27. There is an "urgency to inform the public concerning actual or alleged Federal Government activity" as the request relates to issues of significant interest to the public, and AHCA is "primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 45 C.F.R.§ 5.27(b)(2).

AHCA is a state agency with a mission of facilitating "Better Health Care for All Floridians."[4] As part of that mission, AHCA is responsible for the administration of Florida Medicaid and parts of Florida CHIP, licensure and regulation of Florida's health facilities, and providing information to Floridians about the quality of care they receive.[5] Dissemination of information about government activities, particularly with respect to healthcare, is a critical and substantial component of AHCA's mission. Because doing so is vital to its work, AHCA will disseminate any information obtained through this request to the public, contributing to the public's enhanced understanding.

Additionally, there is an urgency for the requested information to inform the public because special terms and conditions imposed by CMS have frustrated Florida's ability to implement the Florida CHIP Eligibility Extension demonstration project. The requested records in CMS's possession are relevant to ongoing statewide efforts to expand healthcare coverage for children and related public debate.

As required by federal regulation, 45 C.F.R.§ 5.27(a), I hereby certify that the above information is true and correct to the best of my knowledge and belief.

## III.    Request for a Public Interest Fee Waiver

AHCA requests a waiver of search, review, and duplication fees because disclosure of the requested records "is likely to contribute significantly to public understanding of the operations or activities of the government," and "is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

---

[3] *See* Dep't of Justice Office of Information Policy, *Memorandum from the Attorney General Re: Freedom of Information Act Guidelines* (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download.

[4] *See Florida Agency for Health Care Administration*, https://ahca myflorida.com/ (last visited Jan. 8, 2026).

[5] *See About the Agency for Health Care Administration*, https://ahca.myflorida.com/about-the-agency-for-health-care-administration (last visited Jan. 8, 2026).

U.S. Centers for Medicare and Medicaid Services
January 8, 2026

Specifically, a fee waiver is appropriate because AHCA satisfies the three factors outlined by regulation. *See* 45 C.F.R. § 5.54.

*First*, disclosure of the requested information here "would shed light on . . . . identifiable operations or activities of the Federal Government," *id.* § 5.54(b)(1), including the December 2, 2024 letter to AHCA from then-CMS Administrator Chiquita Brooks-LaSure imposing special terms and conditions on approval of the Florida CHIP Eligibility Extension demonstration project, and the January 17, 2025 letter to AHCA from then-CMS Deputy Administrator and Director Daniel Tsai rejecting Florida's proposed modification of those special terms and conditions.

*Second*, as discussed above, because AHCA will disseminate any information obtained through this request to the public, disclosure of the requested information will likely "contribute significantly to public understanding" of CMS's operations and approaches to States' actions regarding Medicaid funding of certain services. *Id.* § 5.54(b)(2). Disclosure of this information will be "meaningfully informative about [CMS's] operations or activities" because it is predominately not already in the public domain. *Id.* § 5.54(b)(2)(i). The requested information also pertains to CMS policies and activities that have recently come under heightened public scrutiny, making them of great significance to the public understanding of the agency's operations and positions on those important issues. *Id.*

Furthermore, because the request pertains to prominent issues of great public interest, concern, and debate, disclosure of these records will necessarily "contribute to the understanding of a reasonably broad audience of persons interested in the subject." *Id.* § 5.54(b)(2)(ii). AHCA's "expertise in the subject area" and its substantial "ability and intention to effectively convey information to the public" demonstrates that disclosure here will contribute to the understanding of a broad audience. *Id*. As described above, AHCA is "the chief health policy and planning entity" for Florida and "responsible for the state's estimated $35 billion Medicaid program that will serve a projected 4.7 million Floridians in SFY 2024–25, the licensure of the state's more than 50,500 health care facilities and the sharing of health care data" with Floridians.[6] AHCA also administers parts of Florida CHIP.[7] As a result, AHCA has the knowledge and expertise to understand the information sought and to facilitate its dissemination quickly and effectively. And, as described, AHCA intends to convey this information to the public.

*Third*, this request is not "in the commercial interest of the requester." 5 C.F.R. § 5.54(b)(3). AHCA does not have any commercial interest in the disclosure of the requested records and does not seek to commercially benefit from this information. Nor could it possibly do so. Rather, AHCA will disseminate the information to the public at no cost and for the purpose of educating Floridians and promoting AHCA's mission.

---

[6] *See About the Agency for Health Care Administration*, https://ahca.myflorida.com/about-the-agency-for-health-care-administration (last visited Jan. 8, 2026).

[7] *See Florida KidCare*, AHCA, https://ahca myflorida.com/medicaid/medicaid-policy-quality-and-operations/ medicaid-policy-and-quality/medicaid-policy/program-policy/florida-kidcare-title-xxi-children-s-health-insurance-program-chip (last visited Jan. 8, 2026).

U.S. Centers for Medicare and Medicaid Services
January 8, 2026

**IV.     Search and Processing of Requested Records**

AHCA requests that responsive electronic records be produced electronically in their native file format, if possible, or the format most conducive to an expedited production. Alternatively, AHCA requests that the records be provided electronically in text-searchable PDF, in the best image quality in CMS's possession, and in separate, Bates-stamped files. AHCA further requests an estimated date on which CMS will finish processing this request.

If this FOIA request is denied in whole or in part, please provide the reasons for the denial, pursuant to 5 U.S.C. § 552(a)(6)(A)(i). If any portion of the requested records is exempt from disclosure, AHCA requests a *Vaughn* index of those records. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). The *Vaughn* index must describe each record claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." *Founding Church of Scientology v. Bell*, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis deleted).

If some portions of the requested records are properly exempt from disclosure, please produce any reasonably segregable, non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). Please clearly delineate any and all redactions in such a manner so that the justification for each redaction is apparent. If a record contains non-exempt segments and that are so dispersed as to make segregation impossible, please state what portion of the record is non-exempt, and how the material is dispersed throughout the record. *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977). Claims of non-segregability must be made with the same detail as required for claims of exemptions in a *Vaughn* index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

If you have any questions about this request, please contact either me or attorney Laura B. Ruppalt.

Sincerely,

Andrew T. Sheeran
General Counsel
Agency for Health Care Administration
Andrew.Sheeran@ahca.myflorida.com
(850) 412-3670

cc:     Laura B. Ruppalt
        Boyden Gray PLLC
        lruppalt@boydengray.com
        (202) 955-0620